# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>JESSE JOHN WENDELSDORF,<br><br>　　　　Defendant. | No. CR04-4111-MWB<br><br>**ORDER REGARDING MAGISTRATE'S REPORT AND RECOMMENDATION CONCERNING DEFENDANT'S MOTION TO TRANSFER** |

_____

## I. INTRODUCTION AND BACKGROUND

### *A. Procedural Background*

On December 15, 2004, a superceding indictment was returned against defendant Jesse John Wendelsdorf, charging him with conspiring to maintain a place for the purpose of using, manufacturing and distributing a controlled substance (methamphetamine), knowingly making a residence available for the purpose of manufacturing, distributing, and using a controlled substance (methamphetamine and marijuana), and distributing and possessing methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 846. Defendant Wendelsdorf subsequently filed a motion to transfer. In his motion to transfer, defendant Wendelsdorf seeks to have the case transferred to another division of this court because of pretrial publicity. The government has resisted defendant Wendelsdorf's motion, arguing that the publicity surrounding this case has not been so extensive or corrupting to justify moving the trial to the Cedar Rapids Division. Defendant Wendelsdorf's motion was referred to United States Magistrate Judge Paul A. Zoss, pursuant to 28 U.S.C. § 636(b). Judge Zoss filed a Report and Recommendation in which

he recommends that the motion to transfer be reserved until the receipt of responses to a juror questionnaire have been received or until voir dire.

None of the parties have filed objections to Judge Zoss's Report and Recommendation. The court, therefore, undertakes the necessary review of Judge Zoss's recommended disposition of defendant Wendelsdorf's motion to transfer.

### B. *Factual Background*

In his Report and Recommendation, Judge Zoss made the following findings of fact:

> In 2000, Wendelsdorf was tried and acquitted on charges that he sexually abused and murdered a two-year-old girl. The case was the subject of extensive media coverage in the State of Iowa, particularly in the western half of the state. Wendelsdorf's arrest on the present charges has resulted in further media attention, with nearly every media report reminding the public of Wendelsdorf's 2000 acquittal. In addition, Wendelsdorf alleges "the former Dickinson County Attorney has made inflammatory statements about [him] in newspaper articles circulated within the Western Division of the Northern District of Iowa." (Doc. No. 23, ¶ 6) Wendelsdorf argues "the media attention creates both presumptive and actual prejudice in the instant case." (Doc. No. 23, ¶ 6) He therefore asks that the case be transferred to another division of this court. Wendelsdorf has submitted excerpts from a number of newspaper articles published in and around Dickinson County in support of his argument that excess media attention has created presumptive prejudice in the Western Division of the court.

Report and Recommendation at pp. 2-3. Upon review of the record, the court adopts all of Judge Zoss's factual findings.

## II. LEGAL ANALYSIS

Pursuant to statute, this court's standard of review for a magistrate judge's report and recommendation is as follows:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate [judge].

28 U.S.C. § 636(b)(1). Similarly, Federal Rule of Civil Procedure 72(b) provides for review of a magistrate judge's report and recommendation on dispositive motions and prisoner petitions, where objections are made, as follows:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED. R. CIV. P. 72(b).

The Eighth Circuit Court of Appeals has repeatedly held that it is reversible error for the district court to fail to conduct a *de novo* review of a magistrate judge's report where such review is required. *See, e.g., Hosna v. Groose*, 80 F.3d 298, 306 (8th Cir.) (citing 28 U.S.C. § 636(b)(1)), *cert. denied*, 519 U.S. 860 (1996); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (citing *Belk v. Purkett*, 15 F.3d 803, 815 (8th Cir. 1994)); *Hudson v. Gammon*, 46 F.3d 785, 786 (8th Cir. 1995) (also citing *Belk*).

As the court noted above, no party has filed an objection to Judge Zoss's Report and Recommendation, and it appears to the court upon review of Judge Zoss's findings and

conclusions, that there is no ground to reject or modify them. Therefore, the court **accepts** Judge Zoss's Report and Recommendation, and orders that ruling on defendant Wendelsdorf's motion to transfer will be reserved until voir dire.

**IT IS SO ORDERED.**

**DATED** this 4th day of August, 2005.

_____
MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA